**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1322
_____

UNITED STATES OF AMERICA

v.

WILLIAM JOHNSON,
Appellant.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2:19-cr-00606-001)
District Court Judge: Honorable Harvey Bartle III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 19, 2022

_____

BEFORE: JORDAN, RESTREPO and PORTER, *Circuit Judges*

(Filed: March 23, 2022)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Following a jury trial, appellant William Johnson was convicted of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). During his trial, the District Court denied Johnson's request to cross-examine the arresting officer about two prior incidents of untruthfulness, citing Federal Rule of Evidence 403. The District Court subsequently denied Johnson's motion for a new trial, and he appealed to this Court. For the reasons that follow, we will affirm the District Court's rulings and Johnson's conviction.

## I.    Facts and Procedural History

On September 2, 2019, at approximately 6:30 pm, four Philadelphia Police Officers responded to a 911 call about a man with a gun and found Johnson and another man outside at the reported location. As two officers exited their patrol cars and approached the men, Johnson grabbed his waistband and fled. The two officers pursued him on foot, while another officer and Officer Matthew Lally followed in their cars. Officer Lally left the three pursuing officers and blocked Johnson from using a shortcut through a vacant lot. Johnson was cornered by Officer Lally and the trailing officers, and he pulled a handgun from his waistband and tossed it. Only Officer Lally saw Johnson throw the gun. Officer Lally then detained Johnson and collected the gun, which another officer took into evidence.

A grand jury in the Eastern District of Pennsylvania indicted and charged Johnson with one count of possessing a firearm as a convicted felon, a violation of 18 U.S.C. §

2

922(g)(1). After his first trial ended in a mistrial, Johnson successfully moved to proceed pro se for his second trial. He sought to cross-examine Officer Lally about two prior investigations conducted by the Internal Affairs Division ("IAD") of the Philadelphia Police Department, both involving alleged untruthfulness by Officer Lally. The first incident occurred in 2012, when Officer Lally stated in an interview with the IAD that he did not search a suspect's residence. After an investigation, IAD determined that he conducted an improper search and issued him a written reprimand. In 2020, the IAD found that Officer Lally had violated Philadelphia Police Department Policy by failing to notify his superiors that he attended court proceedings where he was not a necessary witness. IAD determined that Officer Lally received 36.5 hours of unauthorized overtime for attending these proceedings.

The District Court denied Johnson's request to cross-examine Officer Lally about the IAD investigations. The court first ruled that Federal Rule of Evidence 608(b) prevented Johnson from introducing extrinsic evidence or eliciting the findings of the IAD investigations, which limited the potential scope of the cross-examination to asking Officer Lally about his actions. The court then ruled that the potential for misleading the jury, confusing the issues, and unfairly prejudicing the government outweighed the sought testimony's probative value under Rule 403. Johnson was convicted and sentenced to 180 months in prison. He subsequently filed a motion for a new trial under Federal Rule of Criminal Procedure 33, arguing that denying him the ability to cross-examine Officer Lally about the IAD investigations violated his right to confrontation under the Sixth Amendment. The District Court denied this motion, ruling again that the

3

potential for prejudice and confusing the jury outweighed the minimal probative value of the cross-examination. Johnson timely appealed to this Court.

## II. Legal Standard

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's ruling regarding the admissibility of evidence for abuse of discretion. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (citations omitted). A district court abuses its discretion only if its ruling is "arbitrary, fanciful or clearly unreasonable"—where "no reasonable person would adopt the district court's view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009). We afford the District Court "broad discretion" to determine the admissibility of evidence under Rule 403. *United States v. Balter*, 91 F.3d 427, 442 (3d Cir. 1996); *United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir. 1986) ("[T]he Rule 403 standard is inexact, requiring . . . considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge.").

## III. Discussion

We hold that the District Court did not abuse its discretion and did not violate Johnson's Sixth Amendment rights by denying his request to cross-examine Officer Lally about the IAD investigations.

### A. The District Court Did Not Abuse Its Discretion.

The District Court acted well within its discretion in limiting the scope of Officer Lally's cross-examination. Federal Rule of Evidence 608(b) allows prior acts to "be

4

inquired into on cross-examination, at the discretion of the court, if they are probative of a witness's truthfulness or untruthfulness." *United States v. Davis*, 183 F.3d 231, 257 (3d Cir. 1999). However, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct." *United States v. Georgiou*, 777 F.3d 125, 144 (3d Cir. 2015) (quoting Fed. R. Evid. 608(b)).[1] We therefore agree with the District Court that, under Rule 608(b), Johnson's questions to Officer Lally about the IAD investigations would have been limited to asking about his actions and whether he lied. If Officer Lally denied being untruthful, Rule 608(b) prohibited Johnson from asking questions about the consequences and findings of the IAD investigations. *Id.* at 145.[2]

The District Court was reasonable to deny Johnson this limited cross-examination under Federal Rule of Evidence 403.[3] First, the court's finding that the sought testimony had little probative value is sound. The 2012 investigation "offers little insight into

---

[1] Rule 608(b) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of [the witness].

Fed. R. Evid. 608(b).

[2] *See Davis*, 183 F.3d at 257 n.12 (holding that the government could not cross-examine a police officer about the findings of IAD investigations and his subsequent suspension under Rule 608(b) because these facts were impermissible extrinsic evidence).

[3] Rule 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

[Officer Lally's] character for truthfulness" because it occurred more than seven years earlier and involved different circumstances. App. 12. The 2020 incident was not relevant because it was unclear "whether this infraction was an intentional violation of police directives and whether the infraction involved a lack of truthfulness." *Id.* Further, neither investigation involved untruthfulness about the actions of a criminal suspect. The District Court reasonably concluded that cross-examining Officer Lally about unrelated investigations into factually dissimilar matters had little probative value.[4]

The District Court's determination that the testimony at issue would confuse the issues and mislead the jury was also reasonable. Because Rule 608(b) prohibited Johnson from eliciting the findings or consequences of the IAD investigations, the limited possible questioning could have led to speculation and confused the jury as to why the IAD investigations were relevant. The potential for confusing issues and misleading the jury is high when a witness's prior actions are factually dissimilar to their actions in the current case and they cannot be presented to the jury with "reasonable certainty." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002).[5]

---

[4] *See United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991) (affirming district court's ruling to deny cross-examination about a witness' unrelated and factually distinct prior actions because they had little probative value and could confuse the jury).

[5] In *Johnson*, this Court explained:
> Where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time—all reasons for excluding evidence under Rule 403. The same can be said of evidence of past acts that are dissimilar to the act for which the defendant is being tried; in particular, the introduction of dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time. Also

Officer Lally's past actions had no factual similarity to this case because neither investigation involved him being untruthful about a criminal suspect or arrest.[6] Moreover, Rule 608(b) prevented Johnson from inquiring into IAD's findings, making it impossible for the jury to clearly understand these collateral matters. Johnson argues that the District Court could have eliminated the potential for confusion with a limiting instruction that directed the jury only to consider the IAD investigations in weighing Officer Lally's credibility for truthfulness. However, this instruction may not have eliminated the jury's confusion about the results of the investigations and why they were relevant to this case. Thus, we conclude that the District Court did not abuse its discretion to deny Johnson the cross-examination about the IAD investigations.[7]

---

> relevant to the Rule 403 balancing analysis are . . . the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim.

*Johnson*, 283 F.3d at 156 (quotations and citations omitted).

[6] Johnson's reliance on *United States v. Davis*, 183 F.3d 231 (3d Cir. 1999) and *United States v. Sullivan*, 803 F.2d 87 (3d Cir. 1986) as factual comparators is unavailing. Both cases involved police officers as criminal defendants on trial for crimes related to untruthful police conduct. *See Davis*, 183 F.3d at 257; *Sullivan*, 803 F.2d at 91. Here, Officer Lally's credibility was a collateral issue and the IAD matters were of only marginal relevance to his credibility regarding Johnson's arrest.

[7] Johnson also argues that the District Court is not entitled to the normal deference afforded in abuse of discretion review because the District Court failed to explain its reasoning on the record and merely performed a "bare recitation of Rule 403." *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014). The record belies this argument, however, because the District Court explained its reasoning and balanced the considerations in Rule 403 to reach its conclusion, as discussed above.

## B. Johnson Is Not Entitled to a New Trial.

Because we conclude that the District Court did not abuse its discretion in limiting the scope of the cross-examination, we hold it did not err in denying Johnson's motion for a new trial. Pursuant to Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). In weighing a Rule 33 motion, the Court decides whether there exists "a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004–05 (3d Cir. 2008).

No miscarriage of justice occurred here because the District Court acted within its discretion to exclude the cross-examination about the IAD investigations. District courts have wide discretion in limiting cross-examination under Rule 403, and Johnson's Sixth Amendment right to confrontation was not violated by the District Court's reasoned denial of his desired cross-examination.[8] Further, Johnson's guilt was not based solely on Officer Lally's testimony but also on the testimony of three other officers who participated in the arrest. Therefore, Johnson's conviction is not a miscarriage of justice and does not warrant a new trial.

---

[8] The right to cross-examination in the Sixth Amendment's Confrontation Clause is subject to a district court's discretion to exclude certain matters under Rule 403. The Sixth Amendment guarantees an opportunity for cross-examination, "not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (citations omitted).

**IV.    Conclusion**

We conclude that the District Court did not abuse its discretion and thus did not commit error. We need not consider whether this was harmless error. The District Court's rulings and Johnson's conviction are affirmed.